UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| HENRY D. FOSTER and SHIRLEY FOSTER | § § § § | CASE NO. 03-82701-HDH-7<br><br>Chapter 7 |
| Debtors | § | |

| | | |
|---|---|---|
| HENRY D. FOSTER | § § | |
| v. | § § | ADVERSARY NO. 07-03116-HDH |
| CAPITAL ONE BANK and CAPITAL ONE SERVICES, INC. as servicer, Defendants | § § § | |

## MOTION TO DISMISS PLAINTIFF'S CORE ADVERSARY PROCEEDING COMPLAINT FOR CIVIL CONTEMPT AND INJUNCTIVE RELIEF

Capital One Bank and Capital One Services, Inc. (collectively, the "*Defendant*") hereby move to dismiss certain counts alleged in *Plaintiff's Amended Core Adversary Proceeding Complaint for Civil Contempt and Injunctive Relief* (the "*Complaint*") under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted, and show the Court as follows:

### PROCEDURAL BACKGROUND

1. On December 9, 2003, (the "*Petition Date*"), Plaintiff Henry D. Foster ("*Plaintiff*") filed a voluntary petition under Chapter 13 of Title 11 of the United States Code (the "*Bankruptcy Code*"). Defendant Capital One Bank was a creditor of the Plaintiff as of the Petition Date.

2. On October 27, 2004, this Court converted Plaintiff's Chapter 13 bankruptcy case to a case under Chapter 7 of the Bankruptcy Code.

3. On January 21, 2005 (the *"Discharge Date"*), this Court granted Plaintiff a Chapter 7 discharge.

4. On September 6, 2005, this Court closed the Plaintiff's main bankruptcy case.

5. On April 12, 2007, Plaintiff filed a Complaint alleging causes of action for (i) violation of the discharge injunction under Section 524 of the Bankruptcy Code; (ii) violations under the Texas Debt Collection Practices Act; (iii) defamation under Texas state law; and (iv) "declaratory relief," seeking actual and punitive damages for each cause of action, plus attorneys' fees.

## STANDARD OF REVIEW

6. A court should dismiss a complaint if it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Tuchman v. DSC Commc'n Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). When deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the challenged pleading and the documents either attached to, or incorporated by reference in, the complaint. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practices & Procedures* § 1327, at 762-63 (2d ed. 1990).

## SUMMARY OF ARGUMENTS

7. Assuming all of the facts set forth in Plaintiff's Complaint to be true, this Court lacks subject mater jurisdiction to grant Plaintiff relief under Count II (alleged violation of Texas Debt Collections Act); Count III (alleged defamation under Texas state law); or Count IV (declaratory relief) (collectively, the *"Contested Counts"*). Further, Plaintiff's claims for punitive damages on the remaining claim of alleged violations of the 11 U.S.C. § 524 discharge injunction (the *"Discharge Count"*) are unavailable as a matter of law due to its nature as a civil contempt proceeding.

8. This Court lacks subject matter jurisdiction to issue relief on the Contested Counts because they are not core proceedings, the main bankruptcy case is closed, there is no longer a bankruptcy estate or creditors thereof, and damages awarded under such causes of action will inure only to Plaintiff's benefit, not Plaintiff's bankruptcy estate or its creditors.

9. The Discharge Count is certainly a core matter over which this Court has original subject matter jurisdiction, but is an action more suited for adjudication on summary judgment at the close of discovery.[1] The case law is clear, however, that the Contested Counts must be dismissed for lack of subject matter jurisdiction.[2]

---

[1] Plaintiff bears the burden of proving her case under the Discharge Count with clear and convincing evidence. However, that issue is best suited at the close of discovery with a summary judgment proceeding. Defendant therefore does not move at this time to dismiss the core Discharge Count. Actions under 11 U.S.C. § 524 for alleged inaccurate credit reporting have become a "cottage industry" of sorts around the country, but have achieved little actual success on the merits at trial or defeating summary judgment. These matters, however, will be addressed in summary judgment at a later date.

[2] Two very recent opinions have squarely addressed these issues. The first is Judge Leif Clark's opinion in *Mahoney v. Washington Mutual, Inc.*, Adv. No. 06-5187, in the Bankruptcy Court for the Western District of Texas, San Antonio Division (issued April 23, 2007). The second is Judge Robert Drain's decision in *Torres v. Chase Bank USA*, Adv. No. 06-01576, in the Bankruptcy Court for the Southern District of New York (issued May 3,
(continued...)

## ARGUMENTS AND CITATION TO AUTHORITIES

A. Subject matter jurisdiction of the bankruptcy court.

10. This Court is granted subject matter jurisdiction through two separate provisions of 28 U.S.C. § 157. The first analysis is whether the Contested Counts constitute "core proceedings" under 28 U.S.C. § 157(b)(2), which provides a non-exhaustive list of core matters. However, if the Contested Count is not an enumerated core matter, the Fifth Circuit has still held that "a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987).

11. A determination of a core proceeding, then, first requires a review of the enumerated matters in 28 U.S.C. § 157(b)(2). If the matter is not enumerated as core, the analysis then turns to determine if it is an action that is (i) a substantive right provided by the Bankruptcy Code; or (ii) a proceeding which, by its nature, could arise only in the nature of a bankruptcy case. *See id.*

12. If the matter is not core, this Court can still assert subject matter jurisdiction if the Contested Counts are "related to" the Plaintiff's bankruptcy (this "related to" jurisdiction does not allow this Court to enter a final order, but only make proposed findings of fact and conclusions of law for submission to the District Court). *See* 28 U.S.C. § 1334(b). The mere fact that Plaintiff is involved in a bankruptcy, however, is insufficient to confer "related to" jurisdiction. In fact, "for jurisdiction to attach, the anticipated outcome of the action must both

---

2007). Each opinion is attached hereto for the Court's reference and convenience, as they may not yet be available through publication, and Defendant draws heavily from such decisions for this motion.

(1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate." *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999). Additionally, common facts between causes of action are not sufficient to confer subject matter jurisdiction. *See In re Canion*, 196 F.3d 579, 585 (5th Cir. 1999).

13. The key issue for "related to" jurisdiction is whether the bankruptcy estate will be affected by the action. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984); *see also In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2nd Cir. 1996). Simply stated, when there is no bankruptcy estate left to administer, and no estate creditors to benefit from the action, there is no "related to" jurisdiction. *See Fernicola v. General Motors Acceptance Corp.*, 2002 U.S. Dist. LEXIS 25164, at *7-9 (N.D.N.Y. 2002) (bankruptcy court has no "related to" jurisdiction over FCRA claim when outcome will not affect estate); *see also Vogt v. Dynamic Recovery Servs. (In re Vogt)*, 257 B.R. 65, 68 (Bankr. D. Colo. 2000) (no FCRA subject matter jurisdiction unless directly affects the bankruptcy estate); *Csandor v. Weinstein, Treiger & Riley, P.S. (In re Csandor)*, 309 B.R. 124, 129-30 (Bankr. E.D. Pa. 2004) (no "related to" jurisdiction over Fair Debt Collections Practices Act because estate would not benefit from recovery).

14. This Court must therefore conduct an analysis of each Contested Count and determine if the matter is core, and if not, whether "related to" jurisdiction attaches and allows the Court to make proposed findings of fact and law for submission to the District Court.

B. <u>Count II (Texas Debt Collection Act) is neither core nor "related to" the bankruptcy case, and therefore there is no subject matter jurisdiction in this Court.</u>

15. The first Contested Count is Count II, which is a cause of action under the Texas Debt Collections Act (the *"TDCA"*). Such cause of action is not found in the itemized list of core matters under 28 U.S.C. § 157(b), therefore requiring an analysis of whether (i) the TDCA

invokes a substantive right under the Bankruptcy Code, or (ii) could arise only in the context of a bankruptcy proceeding.

16. The most important fact here is that there is no longer a bankruptcy estate, and this Contested Account relates only to alleged actions undertaken *after* the Discharge Date. A TDCA claim arising after discharge is not a substantive right provided by the Bankruptcy Code. To the contrary, it is a cause of action created by Texas statute, not the Bankruptcy Code. Further, TDCA claims routinely arise outside the context of a bankruptcy proceeding. A TDCA claim, brought by a discharged debtor after the close of the case, is not a core proceeding.

17. The next consideration is "related to" jurisdiction. Again, Plaintiff's claim falls short of subject matter jurisdiction. Any damages awarded under the TDCA claim will be awarded only to Plaintiff, not the estate. There is no feasible benefit to the actual estate or the creditors thereof. Reviewing the cases *supra*, bankruptcy courts have repeatedly held that they do not have subject matter jurisdiction over actions under the Fair Credit Reporting Act and Fair Debt Collection Practices Act, which are actually Federal statutes addressing issues similar to the TDCA.

18. The TDCA claim is not core. It does not arise under the Bankruptcy Code. It stands apart from the bankruptcy proceeding. There is no feasible benefit to the bankruptcy estate or its creditors. There is no subject matter jurisdiction.

C. Count III (defamation) is neither core nor "related to" the bankruptcy case, and therefore there is no subject matter jurisdiction in this Court.

19. The same analysis applied to the TDCA claim applies to the Count III defamation tort claim. Defamation is not an enumerated core matter, and is neither a substantive right under the Bankruptcy Code, nor a cause of action that could arise only in the context of a bankruptcy.

"Related to" jurisdiction is similarly unavailable, as there is no conceivable situation in which defamation damages will benefit the bankruptcy estate or its creditors. The cause of action inures only to the Plaintiff, not the bankruptcy estate. Additionally, one bankruptcy court has recently directly held that it has no subject matter jurisdiction over defamation claims tied to alleged violations of the discharge injunction through alleged inaccurate reporting.[3] There is no subject matter jurisdiction over Count III.

D. Count IV (declaratory relief) is neither core nor related to the bankruptcy proceeding, and therefore there is no subject matter jurisdiction in this Court.

20. Finally, there is also no subject matter jurisdiction over Count IV, the "declaratory relief" cause of action. First, it is unclear exactly what Plaintiff wants declared. Plaintiff requests a "declaration of the rights and other legal relations of the parties," citing both the United States Code and the Texas Civil Practices and Remedies Code. Plaintiff's pleading is insufficient to state either a cause of action or remedy to survive a motion to dismiss, as it lacks sufficient detail to determine the requested declaration or remedy.

21. Regardless of insufficiently pleading Count IV, the "declaratory relief" is not a matter over which this Court has subject matter jurisdiction. To reiterate, it is not an enumerated core proceeding, does not arise under the Bankruptcy Code, and is not an action arising only in a bankruptcy case. Further, there is again no conceivable effect on the estate or its creditors. There is no subject matter jurisdiction.

---

[3] See the *Torres* opinion attached hereto.

E.  Punitive damages are not awardable in a civil contempt action.

22. Finally, Defendant seeks punitive damages for each of the Contested Counts and the Discharge Count, asserting "embarrassment, mental anguish, inconvenience and other pecuniary and non-pecuniary damages" (Complaint, ¶ 33). Punitive damages, however, are not available under the Discharge Count (the only remaining count after the Contested Counts are dismissed) because punitive emotional distress damages are not awardable in a civil contempt hearing. *See In re Walters*, 868 F.2d 665, 670 (4th Cir. 1989) (upholding civil contempt sanctions but vacating award for emotional distress and holding "[N]o authority is offered to support the proposition that emotional distress is an appropriate item of damages for civil contempt, and we know of none"); *see also In re Cherry*, 247 B.R. 176, 189 n.21 (Bankr. E.D. Va. 2000) (no emotional distress damages for violation of the discharge injunction). In fact, the Fourth Circuit has held that no punitive damages are awardable in a contempt proceeding unless pursued as a criminal action. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812 (4th Cir. 2004).

23. The discharge injunction is what its name states: an injunction. The remedy sought is civil contempt, and the cases above are clear that punitive damages, and specifically "mental anguish" damages, are not awardable. The only available damages are actual, quantifiable damages. Plaintiff's demand for punitive damages should therefore be dismissed.

WHEREFORE, Defendant respectfully requests that this Court (i) dismiss Count II (Texas Debt Practices Act) of the Complaint for lack of subject matter jurisdiction; (ii) dismiss Count III (defamation) of the Complaint for lack of subject matter jurisdiction; (iii) dismiss Count IV (declaratory relief) of the Complaint for failure to state an identifiable claim on which

relief can be granted and lack of subject matter jurisdiction; and (iv) dismiss Plaintiff's demand for punitive damages as an unavailable remedy in a complaint for civil contempt.

Respectfully submitted,

**HUNTON & WILLIAMS LLP**

By: /s/ *Jarrett L. Hale*
    Miles B. Haberer, Esq.
    Texas State Bar No. 00793872
    Steven T. Holmes
    Texas State Bar No. 00794918
    Jarrett L. Hale
    Texas State Bar No. 24046005

    Energy Plaza, 30th Floor
    1601 Bryan Street
    Dallas, TX 75201-3402
    (214) 979-3000
    (214) 880-0011 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May 2007, a true and correct copy of the foregoing pleading was served by United States first class mail, postage prepaid upon attorney for Plaintiff, James J. Manchee, Manchee & Manchee, 12221 Merit Dr., Suite 950, Dallas, TX 75251.

/s/ *Jarrett L. Hale*
Jarrett L. Hale