James J. Manchee
Manchee & Manchee, LLP
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 960-2240 (telephone)
972-233-0713 (fax)

Harriet L. Langston
Harriet Langston. P.C.
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 233-3328 (telephone)
(972) 789-1710 (fax)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § | | Case No. 03-82701-HDH-7 |
| Henry D. Foster § | | Chapter 7 Bankruptcy |
| and Shirley Foster, § | | |
|     Debtors. § | | |
| | | |
| Henry D. Foster, § | | |
| vs. § | | Adversary No. 07-03116 |
| § | | |
| Capital One Bank and § | | |
| Capital One Services, Inc. as Servicer § | | |
|     Defendants. § | | |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS PLAINTIFF'S AMENDED
CORE ADVERSARY PROCEEDING COMPLAINT FOR
CIVIL CONTEMPT AND DAMAGES AND INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Plaintiff, Henry D. Foster ("Mr. Foster" or "Plaintiff"), and files his Response to the Motion to Dismiss Plaintiff's Adversary Proceeding Complaint for Civil Contempt and Damages and Injunctive Relief, filed by Capital One Bank and Capital One Services, Inc., as servicer ("Defendant") and respectfully shows:

1. Plaintiff's Complaint contains causes of action for (i) violation of the discharge injunction under Section 524 of the Bankruptcy Code whereby Plaintiff is requesting that the Court impose sanctions for actual damages, punitive damages, and reasonable attorney's fees under the provisions of Section 105(a) of the Code; (ii) violations under the Texas Debt Collection Practices Act; (iii) defamation under Texas state law; and (iv) seeking declaratory relief.

2. Defendant filed a Motion to Dismiss regarding Plaintiff's claims (ii), (iii), (iv) pursuant to Fed. R. Civ. P. 12(b)(6). Defendants are not seeking to dismiss Plaintiff's claims for violations of the discharge injunction and request that the Court impose sanctions under Rule 105. Finally, Defendants assert that the Court lacks the power under Section 105 of the Bankruptcy Code to award punitive damages as a sanction for violation of the discharge injunction and has moved to dismiss this portion of Plaintiff's claim for relief under Section 105.

3. While Plaintiff disagrees with Defendants' argument that the Court lacks jurisdiction to hear Plaintiff's state law claims, in order to narrow the focus of this case for trial, Plaintiff will seek leave to amend his complaint to remove the Texas state law claims for violations of the Texas Debt Collection Act, for defamation, and for declaratory relief as independent causes of action. Plaintiff reserves the right to offer evidence of the violations of the Texas Debt Collection Act and evidence that Defendants defamed Plaintiff as evidence of Defendants' willfulness and to support any award of punitive damages.

4. In his Complaint, Plaintiff alleges that Defendants have a business model in place whereby they deliberately continue to report to credit reporting agencies that debtors remain personally liable for discharged accounts in order to coerce payment from debtors on discharged accounts. Essentially, Defendants lay a trap for debtors against the day they need an accurate

credit report. Plaintiff alleges that Defendants know that reporting that debtors are still personally liable for discharged accounts, will impair the debtors ability to close on mortgage loans and other types of loans unless the discharged debt is paid. Furthermore, Defendants know that reporting balances as due and owing despite the fact that they are discharged, causes those balances to be added into debtors' current revolving debt totals which causes debtors to Defendants have collected discharged debt at recapture points such as mortgage closings.

5. In footnote 1, on page 3 of its Motion to Dismiss, Defendants allege that seeking relief for a creditors continued debt collection efforts when the creditor continues to report that a debtor is personally liable for a discharged debt is some sort of "cottage industry." While the full meaning of that comment is cryptic, it is most certainly demeans the efforts of counsel to seek to enforce Plaintiff's right to the fresh start which is the principal purpose of the Bankruptcy Code. Defendants attempt thereby to shift the focus from its actions to those of the debtors who have been victimized by Defendants defiance of federal statutes, state statutes and the discharge orders that were entered in their cases. In reality, Capital One failed to disclose that it has been previously sanctioned for using false credit reporting to collect a discharged debt at a mortgage closing which is one of the harms Plaintiff is seeking to avoid. *In re Rathavongsa*, Case No. 98-00576-5-ATS (Bankr. E.D. N.C., December 18, 2003). In this case, the Court found that Capital One filed an erroneous credit report for the purpose of pressuring the Chapter 13 debtor to pay a discharged debt. The Court concluded that this was discharge violation and awarded $9,523.00 in compensatory damages, awarded $4,000.00 in attorney's fees, and the sum of $10,000.00 as a punitive sanction. The relevant complaint and orders are attached herein and incorporated by reference as Exhibit "A", Exhibit "B", and "Exhibit C."

6. Moreover, Defendant has been repeatedly sued for the same and similar allegations as is

contained in Plaintiff's Complaint, in numerous bankruptcy courts around the country, beginning in at least 2003, and still fails and refuses to cease its practice of reporting to the credit bureaus that debtors are still personally liable for discharged accounts, each month after the debt is discharged. Defendant is fully aware it has no legal right to report discharged accounts in such manner and that when they receive notice of a discharge, the Defendants have an absolute duty under 15 U.S.C. §1681s-2(a)(1)(a) of the Fair Credit Reporting Act, to report the account as "discharged in bankruptcy," report a zero balance due and report the account as closed. *Torres v. Chase Bank USA, NA, et.al.*, (Bankr.S.D. New York May 3, 2007), 2007 Bankr. LEXIS 1478. Under the analysis of *Torres*, Capital One committed an act to collect a debt when it violated its statutory duty to update the Plaintiff's account to reflect the discharge. Indeed, the facts of this case are far worse than those in the *Torres* case as Defendant continued to report to the credit bureaus each month after the discharge that the Plaintiff was still personally liable for the balance on the account. Thus, each month that Defendant reported to the credit bureaus that Plaintiff remained personally liable for the balance it reported, the Defendant violated 15 U.S.C. §1681s-2(a)(1)(a) of the Fair Credit Reporting Act. Under the analysis in *Torres,* each monthly update of false information can be seen as a separate act to collect the debt in violation of Section 524 of the Bankruptcy Code. Moreover, Defendants are abundantly aware that the balances they report are calculated into Plaintiff's revolving debt totals and anyone reviewing the Plaintiff's credit report would assume that the account was reaffirmed or that the debt was held to be non-dischargeable.

7. Additionally in footnote 1, Defendant asserts that claims involving inaccurate credit reporting have achieved little success on the merits at trial or defeating a summary judgment. This statement is misleading at best. As in all litigation, the vast majority of lawsuits based on

the use of false and inaccurate credit reporting to collect a discharged debt are settled prior to trial. Indeed in Capital One's case, it has been sued for the same conduct alleged in Plaintiff's Complaint in the Eastern District of Virginia more than a dozen times and twice in the Middle District of Alabama since Capital One was sanctioned for using false credit reporting to collect discharged debt in a mortgage closing in 2003. None of those cases were tried nor were any motions for summary judgment filed.

8. Many debtors in Northern District of Texas have attempted to remedy these false credit reporting problems by contacting Capital One, but these attempts have repeatedly failed as have debtors' attempts to use the FCRA dispute process to solve these problems. Due to the volume of debtors that have Capital One reporting that they remain personally liable for these discharged accounts, Plaintiff's counsel contacted Capital One's in house counsel, sometime in early part of 2006, in an effort to quickly and economically resolve these claims without the need for litigation and to attempt to mitigate the debtors' damages. In April of 2006, Defendant's inside counsel ceased communication with Plaintiff's counsel regarding the efforts to resolve matters such as those contained in Plaintiff's amended complaint without the need for litigation and indicated that Capital One was aware that the debtors would be forced to litigate these claims.

## ARGUMENTS AND CITATIONS TO AUTHORITIES

<u>The Court's Power to award punitive damages and damages for emotional distress.</u>

9. With regard to Defendants' Motion to Dismiss, the only remaining issue for the Court to decide is whether or not it has the power to award punitive damages as a sanction for a violation of the discharge injunction.

10. Defendants argue in the Motion to Dismiss that punitive damages simply are not available for violations of the discharge injunction. To the contrary, this Court has the power to award actual or punitive damages for emotional distress under the appropriate circumstances (or, as pled in Plaintiff's complaint, for embarrassment, mental anguish, inconvenience and other pecuniary and non-pecuniary damages, and also the pattern and practice of attempting to collect discharged debts).

11. Defendants fail to turn the Court's attention to numerous important holdings which allowed both emotional distress damages as actual and punitive damages in the context of 11 U.S.C. §524 discharge violation cases, as discussed below.

12. Although it has not expressly ruled on the availability of punitive damages in a discharge injunction context, the Fifth Circuit has concluded that a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code. *Placid Ref. Co. v. Terrebonne Fuel and Lube, Inc. (In re Terrebonne Fuel and Lube, Inc.),* 108 F.3d 609, 613 (5th Cir. 1997). Defendant has failed to bring this case to the attention of the Court. Instead, they cite *In re Walters,* 868, F.2d 665, (4th Cir. 1989), a case argued nearly 19 years ago, for the proposition that punitive damages are not available as a remedy for violations of the discharge injunction. However, even if this Court were bound to follow that Fourth Circuit case by the rules of stare decisis, the facts in *Walters*, although they involve a bankruptcy case, arise in a different context from those before the Court—not connection with a violation of the discharge injunction. The holding in *Walters* concerning punitive damages does not stand the proposition argued by Defendant: that punitive damages for emotional distress may not be awarded for violations of the discharge injunction.

13. The appellant in *Walters* was held in contempt for his failure to repay certain attorneys' fees to his client. *Walters*, 868 F.2d 665 at 666. In the context of a civil contempt sanction, the appellant challenged the sanctions that the bankruptcy court ordered him to pay, including $1,000 for emotional distress. The court vacated that item of award because no authority was offered to support the proposition that emotional distress is an appropriate item of damages for civil contempt. *Walters*, 868 F.2d at 670. This case is not persuasive authority in the context of this case. The court never reached the issue of whether punitive damages were available for emotional distress.

14. The authority to assess such civil sanctions arises primarily from 11 U.S.C. §105. That section provides that:

> "The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court order or rules, or to prevent an abuse of process."

15. Clearly the Court has the authority to assess damages in the context of a violation of the discharge injunction. In its recent decision in the case of *Marrama v. Citizens Bank of Massachusetts,* 127 S.Ct. 1105, 166 L. Ed. 2d 956 (2007), the Supreme Court discussed the broad authority granted to bankruptcy judges to take any action that it necessary or appropriate "to prevent an abuse of process" *Marrama,* 127 S.Ct. at 1112.

16. Judge Parker in the Eastern District of Texas has recently had occasion to discuss at length the availability of damages, particularly in the context of a discharge injunction violation, in the case of *Mooney v. Green Tree Servicing, LLC (In Re Mooney)*, 340 B.R. 351 (Bankr. E.D.

Texas, March 23, 2006). In connection with the authority of a bankruptcy court to assess such damages, the court stated:

> "…because the enforcement of the discharge injunction is such a critical component of the current bankruptcy system, it has been widely recognized that bankruptcy courts have the authority to impose civil sanctions for a party's willful violation of the discharge injunction provided by *§524*. The imposition of such sanctions 'may include actual damages, attorney's fees and, when appropriate, punitive damages.' *Cherry v. Arendall (In re Cherry), 247 V.R. 176,187 (Bankr. E.D. Va. 2000). Accord, In re Barry, 330 B.R. 28, 37 (Bankr. D. Mass 2005); In re Ray, 262 B.R. 580, 583 (Bankr. D. Me. 2001); Watkins v. Guardian Loan Co. (In re Watkins), 240 B.R. 668 (Bankr. E.D. N.Y. 1999; (In re Vazquez, 221 B.R. 222 (Bankr. N.D. Ill. 1998); In re Arnold, 206 B.R. 500 (Bankr. N.D. Ala. 1997;* [*Walker v. M & M Dodge, Inc. ( In re*] *Walker, 180 B.R.* [834] *at 834, 840-41(Bankr. W.D. La. 1995)* [assessing actual damages, attorneys fees and punitive damages for violation of *§524* discharge injunction]. *See also Gervin v. Cadles of Grassy Meadows II, LLC. (In re Gervin) 337 B.R. 854, 2005 WL 3747958 at (Bankr. W.D. Tex. 2005)* and *In re Feldmeier, 335 B.R. 807 (Bankr. D. Or. 2005)* [awarding actual damages for emotional distress and attorney's fees for violation *§524* discharge injunction]." *Mooney,* 340 B.R. 351 at 360. (Italics in original)

17. Of interest is Judge Parker's citation of the *Cherry* case in the preceding passage. The same case is cited by Defendant in its Motion for the holding that "no emotional distress damages for violation of the discharge injunction." (sic). It is true that no punitive damages were awarded in the case, *Cherry v. Arendall (In re Cherry)*, 247 BR at 190, but Defendants' reading is simply incorrect. The bankruptcy court in *Cherry* in fact acknowledged the power of bankruptcy courts to award punitive damages in appropriate circumstances for violations of the discharge injunction. The court observed that the decisions appear to employ a finding of creditor conduct more closely resembling a specific intent to violate the discharge injunction in order to assess punitive damages. The bankruptcy court applied those ideas to the facts of its case and then declined to award punitive damages. *Cherry v. Arendall (In re Cherry)*, 247 BR at 189-191.

18.     Defendants also cites *Cromer v. Kraft Foods North America, Inc.,* 390 F.3d 812 (4th Cir. 2004), stating that the Fourth Circuit has held that no punitive damages are awardable in a contempt proceeding unless pursued as a criminal action.  Once again, Defendants cite inapplicable authority.  *Cromer* did not arise in the context of a bankruptcy case, at all, but rather in the context of the appeal of a district court's denial of a motion for relief from judgment under Red. R. Civ. P. 60(b), and appellant's violation of a pre-filing injunction under the All Writs Act, 28 U.S.C. §1651(a) limiting appellant's access to the courts.  *Cromer v. Kraft Foods North America, Inc.,* 390 F.3d at 815-816.  Quite simply, this case has no application to the facts at hand.

WHEREFORE, Plaintiff prays that Defendants' Motion to Dismiss the Plaintiff's Complaint be denied as set forth above, and that the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ James J. Manchee_____
James J. Manchee
State Bar Number 00796988
Manchee & Manchee, LLP
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

Harriet L. Langston
State Bar Number 11924400
Harriet Langston. P.C.
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 233-3328 (telephone)
(972) 789-1710 (fax)

CO-COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was on this June 1, 2007 forwarded to the following parties:

Hunton & Williams, LLP
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas, TX  75201-3402

              /s/ James J. Manchee_____
              James J. Manchee